IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALEB E. NEMECEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-00144-JD |
| | ) |
| CONNIE JOHNSON, individual capacity and as Head of OCDC, official capacity; and AMANDA MERRIOTT, individual capacity and as Head of Medical at OCDC, official capacity, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This is a civil rights action under 42 U.S.C. § 1983 brought by Plaintiff Caleb E. Nemecek against Connie Johnson and Amanda Merriott in their official and individual capacities. [Doc. No. 1]. Plaintiff, who alleges he is both a convicted and sentenced federal prisoner and a pretrial detainee, alleges that the conditions of the Oklahoma County Detention Center present health hazards in violation of his constitutional rights and sues defendants for their alleged involvement. Plaintiff sought to proceed in his action without prepayment of fees and costs. [Doc. No. 2]. This action was referred to United States Magistrate Judge Shon T. Erwin for proceedings consistent with 28 U.S.C. § 636(b)(1). [Doc. No. 4].

On February 24, 2022, Judge Erwin granted Plaintiff's request to proceed without prepayment of the full filing fee but ordered Plaintiff to pay an initial partial filing fee of $10.56 by March 14, 2022, in compliance with 28 U.S.C. § 1915(b)(1). [Doc. No. 5 at 1].

The order further required that, after the initial partial filing fee, Plaintiff shall make monthly payments until he has paid the fee of $350.00, as required by 28 U.S.C. § 1915(b)(2). [*Id.* at 2]. Plaintiff was cautioned that failure to pay the initial partial filing fee by March 14, 2022, or show cause in writing for his failure to pay, would result in dismissal of this action without prejudice to refiling. [*Id.* at 1].

After Plaintiff did not timely pay the initial filing fee or otherwise respond to his order, Judge Erwin issued a Report and Recommendation on April 8, 2022, recommending that this action be dismissed without prejudice for Plaintiff's failure to pay the initial filing fee. [Doc. No. 6]. Judge Erwin advised Plaintiff of his right to object to the Report and Recommendation by April 25, 2022, and that Plaintiff's failure to timely object waives the right to appellate review of the factual findings and legal issues in the Report and Recommendation. [*Id.* at 3]. Plaintiff has not filed any objection, nor has he paid the required initial partial filing fee.[1] *See also* LCvR3.4(a) ("Failure of any applicant to pay the initial partial filing fee or any other payment ordered by the court by the date specified, to seek a timely extension within which to make the payment, or to show cause in writing by that date why the applicant cannot pay the fee shall be cause for dismissal of the action without prejudice to refiling.").

---

[1] The Court notes that the attempt to serve Plaintiff with the Report and Recommendation at his address of record failed. [Doc. No. 7]. However, Plaintiff is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [plaintiff] is acting pro se does not eliminate this burden.").

The Court therefore **ADOPTS** the Report and Recommendation [Doc. No. 6] in its entirety. The Court **DISMISSES** Plaintiff's action without prejudice to refiling.

IT IS SO ORDERED this 6th day of May 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

3